**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITES STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-CV-2469 |
| v. | ) | |
| | ) | |
| LIFEWAY FOODS, INC., an Illinois | ) | |
| Corporation, JULIE SMOLYANSKY, AND | ) | JUDGE ANDERSEN |
| EDWARD SMOLYANSKY, individuals, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION
TO ENTER CONSENT DECREE OF PERMANENT INJUNCTION**

To:     All counsel of record

Please take notice that on Thursday, May 15, 2008, at 9 a.m., or as soon thereafter as counsel may be heard, I will appear  before the Honorable Wayne R. Andersen in Room 1403of the Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604, or before such other judge who may be sitting in his place and stead, and then and there present the United States' Motion to Enter Consent Decree of Permanent Injunction, at which time and place you may appear, if you see fit.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Donald R. Lorenzen
    DONALD R. LORENZEN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5330

## <u>MOTION TO ENTER CONSENT DECREE OF PERMANENT INJUNCTION</u>

The United States of America, by its attorney, Patrick J. Fitzgerald, United States

Attorney for the Northern District of Illinois, requests that the court enter the attached Consent

Decree of Permanent Injunction, and in support of this motion, states as follows:

1.      On January 18, 2008, the United States Department of Justice notified Lifeway

Foods, Inc. ("Lifeway"); Julie Smolyansky, Lifeway's President and Chief Executive Officer;

and Edward Smolyansky, Lifeway's Chief Financial Officer (hereafter, collectively "the

defendants") that it was prepared to file a complaint for permanent injunction against them

regarding violations of the Federal Food, Drug, and Cosmetic Act ("the Act").  (A copy of the

January 18, 2008 letter is attached hereto as Exhibit 1.)  The January 18, 2008 letter attached a

proposed consent decree of permanent injunction.  <u>See</u> Exhibit 1.

2.      Following receipt of the January 18, 2008 letter, counsel for the government and

for the defendants engaged in a lengthy period of negotiation regarding the proposed consent

decree and reached agreement regarding its terms.  On April 20, 2008, the defendants signed the

attached Consent Decree of Permanent Injunction ("signed (proposed) Consent Decree"), and

their counsel signed it April 24, 2008, and forwarded it to government counsel for filing with this

Court.  (A copy of the signed (proposed) Consent Decree is attached hereto as a Proposed Order.)

The signed (proposed) Consent Decree requires, among other things, that defendants cease

processing, packing, holding, labeling, and/or distributing certain food products at their facilities

at 7625 Austin Avenue, Skokie, Illinois; 5201 Harbison Avenue, Philadelphia, Pennsylvania

(hereafter, "Philadelphia facility"), or at any other location, unless and until certain requirements

are met.  <u>See</u> signed (proposed) Consent Decree, ¶ 5.

2

3.     On April 30, 2008, the United States filed the Complaint in this action.  (R. 1.)
The Complaint alleges that the defendants violated the Act, 21 U.S.C. § 331(a), by introducing,
or delivering for introduction, into interstate commerce food that is adulterated within the
meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C.
§§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(i).  The Complaint further alleges that the
defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of food to become adulterated
within the meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C.
§§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(i), while such articles are held for sale after
shipment in interstate commerce.  See Complaint (R. 1), ¶¶ 11-27.

4.     On May 1, 2008, the defendants filed an Answer to the Complaint.  (R. 6.)  In
their Answer, the defendants denied the government's allegation that they own and operate the
Philadelphia facility, see Ans. ¶ 5, even though they had already agreed to provisions of the
signed (proposed) Consent Decree that expressly apply to that facility.  The defendants did not
call into question their ownership of the Philadelphia facility at any time during the parties'
negotiations.

5.     The defendants' counsel, Richard N. Kessler, represented to government counsel
on Thursday, May 1, 2008—after filing his clients' Answer earlier that day—that the
Philadelphia facility was actually operated by a wholly-owned subsidiary of Lifeway called LFI
Enterprises, Inc.  However, up to that point—during the FDA's investigation; the Justice
Department's contact with Lifeway Foods; the parties' negotiations; the United States' filing of
its Complaint; and defendants' filing their Answer—LFI Enterprises, Inc., had not existed as a
corporate entity, because the Illinois Secretary of State involuntarily dissolved it on February 1,

2003, over three years ago.  (Copies of LFI Enterprises's Certificate of Dissolution and of an

Illinois Secretary of State Corporation File Detail Report for LFI Enterprises, dated May 5, 2008,

and showing its status as "Dissolved," are attached hereto as Exhibits 2 and 3.)

6.    At some point after filing their Answer on Thursday, May 1, 2008, the defendants

caused LFI Enterprises' status to be reinstated with the Illinois Secretary of State.  (A copy of a

Corporation File Detail Report for LFI Enterprises, dated today, May 9, 2008, and showing its

status as "Reinstated/Good Standing," is attached hereto as Exhibit 4.)  Defendant Julie

Smolyansky is LFI Enterprise's president, and Defendant Lifeway Food's address is its address.

See Exhibit 4.  Mr. Kessler is identified as its registered agent for service of process.  See id.

7.    Mr. Kessler has represented to government counsel that the defendants will

negotiate an amendment to the signed (proposed) Consent Decree to include LFI Enterprises.

8.    Although the parties may later submit to the Court an amended Consent Decree

that specifically names LFI Enterprises along with the current defendants, the government

requests that the attached signed (proposed) Consent Decree be entered at this time so that the

injunctive provisions designed to correct the defendants' violations of the Act can take effect.

9.    Undersigned counsel for the United States (Lorenzen and Crane-Hirsch) had

extended discussions about this motion with defendants' counsel Peter Berk Monday this week,

May 5, 2008, and again today, May 9, 2008.  Mr. Berk advised today that he has consulted with

his clients during this week.  He further advised that (as of this afternoon) his clients have not

authorized him to agree to this motion; and that, so far as he knows, his clients' only reason is

that they are concerned that this motion will unduly clutter the Court's docket.

WHEREFORE, the United States requests that the Court enter the attached signed (proposed) Consent Decree of Permanent Injunction to which the parties have agreed.

Respectfully submitted,

Dated: May 9, 2008
      Washington, DC

GREGORY G. KATSAS
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

By:  /s Donald R. Lorenzen
    DONALD R. LORENZEN
Of counsel:
JAMES C. STANSEL
Acting General Counsel

    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, IL  60604
    Tel: 312-353-5330
    E-mail: Donald.Lorenzen@usdoj.gov

GERALD F. MASOUDI
Associate General Counsel
Food and Drug Division

EUGENE M. THIROLF
Director
Office of Consumer Litigation

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation
Food and Drug Division

  /s  Daniel K. Crane-Hirsch
DANIEL K. CRANE-HIRSCH
Trial Attorney
Office of Consumer Litigation
JESSICA L. ZELLER
Associate Chief Counsel
U.S. Department of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD  20857
Tel: 301-827-8577

Civil Division
U.S. Department of Justice
PO Box 386
Washington, DC  20044-0386
Tel: 202-616-8242
Fax: 202-514-8742
E-mail: daniel.crane-hirsch@usdoj.gov



**U.S. Department of Justice**

Office of Consumer Litigation

---

*Post Office Box 386*                          *Telephone:  (202) 616-8242*
*Washington, D.C. 20044-0386*                  *Telecopier:  (202) 514-8742*


January 18, 2008


Ms. Julie Smolyansky, President and CEO
Mr. Edward Smolyansky, CFO
Lifeway Foods, Inc.
6431 W. Oakton Street
Morton Grove, IL    60053-2727
***Via FedEx***


RE:    <u>United States of America v. Lifeway Foods, Inc., an Illinois Corporation, Julie
          Smolyansky, and Edward Smolyansky, Individuals</u> (N.D. Ill. not yet filed)


Dear Ms. Smolyansky and Mr. Smolyansky :

        The U.S. Department of Justice has been advised by the United States Food and Drug
Administration (FDA) that you are processing food, specifically cream cheese spreads with lox,
without adequate Hazard Analysis and Critical Control Point ("HACCP") plans; that you are
preparing, marketing, and distributing food, specifically cream cheese spreads, that is misbranded
due to labeling violations; and that due to your adulteration and misbranding, you are thereby
violating the Federal Food, Drug, and Cosmetic Act ("Act").  In light of the extensive evidence
that the FDA has collected, the Department of Justice is prepared to go to court on behalf of the
United States of America to seek a permanent injunction against you to prevent further
violations, by closing your food processing and distribution operations until you demonstrate that
you are in compliance with the law.

        The cream cheese spreads with lox that you process are adulterated within the meaning of
21 U.S.C. § 342(a)(4) because you are a seafood processor but do not have adequate HACCP
plans in place for these products, in violation of 21 C.F.R. § 123.6.  (On at least three occasions,
Lifeway officials – including Ms. Smolyansky personally – have provided FDA with sanitation
plans titled as if they were HACCP plans.  And Lifeway has repeatedly promised to obtain
adequate HACCP plans, but has failed to do so.)

        In addition, your products are misbranded under the Act.  Inspections by the FDA have
found that the labels for your cream cheese spreads violate mandatory requirements to disclose
major food allergens, *trans* fat levels, and *all* ingredients.  In addition, the labels for your plain
whipped cream cheese declare 2 grams of protein for serving, but FDA testing of samples of this

Ms. Julie Smolyansky
Mr. Edward Smolyansky
January 18, 2008
Page 2 of 3

_____

product in 2006 and again in 2007 found only 65% of the declared value of protein.  Each of these violations renders your food products misbranded.

It is illegal to introduce adulterated food and misbranded food into interstate commerce.  *See* 21 U.S.C. § 331(a).  Judicial injunctions to restrain violations such as yours are authorized by 21 U.S.C. § 332(a).

Based upon the abundant evidence of repeated violations gathered by the FDA, the United States intends to file a civil case against you.  In that lawsuit, the government will seek, among other things, a court order that will permanently order you not to process food in violation of the Act.  Our lawsuit will ask the court to issue an injunction closing your operations until you demonstrate that you are in compliance with the law, and have acceptable procedures to remain in compliance with the law.

I hope that it will be possible for us to agree upon a consent decree that we could file with the court to address the changes that need to be made at your Philadelphia and Skokie facilities.  Enclosed is a proposed consent decree stating the terms upon which the United States would be willing to settle the suit that we plan to file against you.

Please consult with an attorney regarding this proposed settlement.  To accept the proposed settlement, please direct your attorney to contact me at 202-616-8242 or my colleague Gerald Kell at 202-514-1586 or the address listed above no later than the close of business on Monday, January 28, 2008.[1]  If we do not hear from you or your attorney by January 28, 2008, we will assume that you are not interested in settling this case, and the United States will file an action in federal district court against you for injunctive relief.

---

[1] I will be out of the office the week of January 21-25, but Mr. Kell will be available.

Ms. Julie Smolyansky
Mr. Edward Smolyansky
January 18, 2008
Page 3 of 3

_____

If you or your attorney have any questions about this matter, I can be reached at 202-616-8242, and Mr. Kell can be reached at 202-514-1586.

Sincerely yours,

Daniel K. Crane-Hirsch
Trial attorney

Enclosure:    Proposed consent decree for permanent injunction

cc:    James K. Fitzpatrick
       Food and Drug Division
       Office of General Counsel
       U.S. Department of Health and Human Services

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA,

              Plaintiff,

     v.

LIFEWAY FOODS, INC., an Illinois corporation,
JULIE SMOLYANSKY, and EDWARD
SMOLYANSKY, individuals,

              Defendants.

**Case No. _____**

**[[DRAFT]]**

**CONSENT DECREE OF
PERMANENT INJUNCTION**

Plaintiff, United States of America, by its undersigned attorneys, having commenced this

action by filing a Complaint for Permanent Injunction ("Complaint"), and Defendants, Lifeway

Foods, Inc. ("Lifeway"), a corporation, and Julie Smolyansky and Edward Smolyansky,

individuals, (hereinafter, "Defendants"), having appeared and consented to the entry of this

Consent Decree of Permanent Injunction ("Decree") without contest and before any testimony

has been taken, and the United States of America, having consented to this Decree;

       **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

     1.     This Court has jurisdiction over the subject matter and over all parties to this

action.

     2.     The Complaint states a cause of action against Defendants under the Federal

Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399 ("the Act").

1

3.    Defendants violate the Act, 21 U.S.C. § 331(a), by introducing or delivering for introduction into interstate commerce articles of food that are adulterated within the meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C. §§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(1).

4.    Defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C. §§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(1), while such articles are held for sale after shipment in interstate commerce.

5.    Defendants and each and all of their officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them who receive notice of this Decree, are hereby permanently restrained and enjoined, pursuant to 21 U.S.C. § 332(a) and the inherent equitable power of this Court, from processing, packing, holding, labeling, and/or distributing at their facilities located at 5201 Harbison Avenue, Philadelphia, Pennsylvania ("Philadelphia facility") and 7625 Austin Avenue, Skokie, Illinois ("Skokie facility"), or any other location, any products labeled as cream cheeses or cream cheese spreads (hereinafter collectively referred to as "cream cheese spreads"), including plain, lite, flavored, or seafood-containing cream cheese spreads, or other seafood products, unless and until:

A.    For seafood-containing cream cheese spreads and other seafood products:

i.    Defendants select an expert(s) having no personal or financial ties to Defendants or Defendants' families (other than the consulting agreement) and who, by reason of background, experience, and education, is qualified to develop a seafood Hazard Analysis

2

Critical Control Point ("HACCP") plan, and to ensure adequate implementation of such HACCP plan for the processing, packing, holding, labeling, and/or distributing of Defendants' seafood-containing cream cheese spreads and other seafood products at their facilities ("HACCP expert(s)").  Defendants shall inform the United States Food and Drug Administration ("FDA") in writing of the name(s) and qualifications of the HACCP expert(s) as soon as they retain such expert(s);

ii.    The HACCP expert(s) conducts a hazard analysis and develops a HACCP plan(s) that is appropriate for processing, packing, holding, labeling, and/or distributing Defendants' seafood-containing cream cheese spreads and other seafood products;

iii.    FDA approves, in writing, the HACCP plan(s) developed by the HACCP expert(s); and

iv.    Defendants establish and implement to FDA's satisfaction the FDA-approved HACCP plan(s).  Defendants shall assign the responsibility for implementing and monitoring the HACCP(s) plan to an employee or employees trained in HACCP requirements.

B.    For plain, lite, flavored, and seafood-containing cream cheese spreads:

i.    Defendants select an expert(s) having no personal or financial ties to Defendants or Defendants' families (other than the consulting agreement) who, by reason of background, experience, and education, is qualified to determine whether Defendants' plain, lite, flavored, and seafood-containing cream cheese spreads comply with 21 U.S.C. § 343 and applicable regulations ("labeling expert(s)").  Defendants shall inform FDA in writing of the name(s) and qualifications of the labeling expert(s) as soon as they retain such expert(s);

3

ii.    Defendants' labeling expert(s) reviews all labels and labeling used by Defendants for their plain, lite, flavored, and seafood-containing cream cheeses spreads, and certifies in writing to FDA that all such labels and labeling are in compliance with 21 U.S.C. § 343 and applicable regulations; and

iii.    Defendants provide to FDA the written certification from the labeling expert(s), and report in writing to FDA, all actions they have taken to ensure that the labels and labeling for their plain, lite, flavored, and seafood-containing cream cheese spreads are in compliance with 21 U.S.C. § 343 and applicable regulations.

C.    Defendants, under FDA supervision, according to procedures approved by FDA, and as and when directed by FDA, bring into compliance with the Act and applicable regulations to the satisfaction of FDA, all plain, lite, flavored, and seafood-containing cream cheese spreads and other seafood products, held in the Philadelphia facility or Skokie facility, or held elsewhere for distribution by Defendants.  Defendants shall provide the formulation of their products to FDA, and at FDA's discretion, Defendants shall perform or have performed for them analytical testing for the presence and quantity of nutrients declared in product labels and/or labeling.

D.    FDA, at its discretion, inspects Defendants' facilities, food products, and labeling, including all records and test results relating to the processing, packing, holding, labeling, and/or distributing of plain, lite, flavored, and seafood-containing cream cheese spreads and other seafood products and, as FDA deems necessary, samples and analyzes Defendants' plain, lite, flavored, and seafood-containing cream cheese spreads and other seafood products.

The costs of all such inspections and analyses shall be borne by Defendants at the rates specified in Paragraph 10.

E.    FDA notifies Defendants, in writing, that they appear to be in compliance with all of the requirements of Paragraph 5(A)-(C), the Act, and applicable regulations.

6.    After Defendants receive written notification from FDA as specified in Paragraph 5(E) above, Defendants and each and all of their officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them who receive actual notice of this Decree, are permanently restrained and enjoined from:

A.    Directly or indirectly introducing or delivering for introduction into interstate commerce any food within the meaning of 21 U.S.C. § 321(f) that is adulterated within the meaning of 21 U.S.C. § 342(a)(4), or misbranded within the meaning of 21 U.S.C. § 343;

B.    Directly or indirectly causing any food within the meaning of 21 U.S.C. § 321(f) to become adulterated, within the meaning of 21 U.S.C. § 342(a)(4), or misbranded within the meaning of 21 U.S.C. § 343, while such food is held for sale after shipment in interstate commerce; and

C.    Failing to implement and continuously maintain the requirements of this Decree.

7.    Representatives from FDA shall be permitted, without prior notice, and as and when FDA deems necessary, to make inspections of Defendants' facilities at their current locations, or at any future location(s), and, without prior notice, to take any other measures necessary to monitor and ensure continuing compliance with the terms of this Decree.  Such inspections may, at FDA's discretion, include, but are not limited to, the taking of photographs

and samples and the examination and copying of all records that relate to the processing,

packing, holding, labeling, and/or distribution of any article of food.  Such inspections shall be

permitted upon presentation of a copy of this Decree and appropriate credentials.  The inspection

authority granted by this Decree is apart from, and in addition to, the authority to make

inspections under the Act, 21 U.S.C. § 374.

8.      Defendants shall maintain copies of their HACCP plan(s) and all records required

under such HACCP plan(s) pursuant to 21 C.F.R. Part 123, at the facility specified in such

plan(s), in a location where they are readily available for reference and inspection by FDA

representatives.  Defendants shall retain all records required to be kept by the HACCP plan(s), by

regulation, and/or this Decree for at least five (5) years after the date the records are prepared.

9.      Defendants shall immediately provide any information or records to FDA, upon

request, regarding the processing, packing, holding, labeling, and/or distribution of any article of

food.

10.     Defendants shall reimburse FDA for the costs of all FDA inspections,

investigations, supervision, reviews, examinations, and analyses that FDA deems necessary to

evaluate Defendants' compliance with this Decree.  The costs of such inspections shall be borne

by Defendants at the prevailing rates in effect at the time the costs are incurred.  As of the date

that this Decree is signed by the parties, these rates are:  $78.09 per hour and fraction thereof per

representative for inspection work; $93.61 per hour or fraction thereof per representative for

analytical or review work; $0.485 per mile for travel expenses by automobile; government rate or

the equivalent for travel by air or other means; and the published government per diem rate or the

equivalent for the areas in which the inspections are performed per day, per representative for

6

subsistence expenses, where necessary. In the event that the standard rates applicable to FDA

supervision of Court-ordered compliance are modified, these rates shall be increased or

decreased without further order of the Court.

11.    If any Defendant violates this Decree and is thus found in civil or criminal

contempt, Defendants shall, in addition to other remedies, reimburse Plaintiff for its attorney fees

(including overhead), investigational expenses, expert witness fees, court costs, and all other

costs relating to such contempt proceedings.

12.    Defendants shall immediately cease processing, packing, holding, labeling, and/or

distributing any plain, lite, flavored, and seafood-containing cream cheese spread or other

seafood product, if, based on the results of an inspection, analysis of a sample or samples, or

other information, FDA notifies Defendants in writing that such article of food is adulterated or

misbranded or that Defendants are not in compliance with the terms of this Decree, the Act, or

applicable regulations. In addition, Defendants shall, as and when FDA deems necessary, recall

all adulterated or misbranded articles of food that have been distributed or are under the custody

and control of Defendants' agents, distributors, customers, or consumers. In addition,

Defendants shall institute or re-implement any of the requirements set forth in this Decree and

take any other corrective actions as FDA, in its discretion, deems necessary to bring Defendants

into compliance with this Decree, the Act, and applicable regulations. Defendants shall

immediately and fully comply with the terms of the notice from FDA requiring them to take

corrective actions pursuant to this Paragraph. The provisions of this Paragraph are separate and

apart from, and in addition to, all other remedies available to FDA. All costs of recall(s) and

corrective actions shall be borne by Defendants. The costs of FDA inspections, sampling,

analyses, travel time, and subsistence expenses to implement the remedies set forth in this Paragraph shall be borne by Defendants at the rates specified in Paragraph 10.

13.     Any cessation of operations as described in Paragraph 12 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with the Act, applicable regulations, and this Decree, and that Defendants may resume operations.

14.     FDA, at its discretion, may require Defendants to perform or have performed for them, analytical testing of any new or reformulated plain, lite, or flavored cream cheese spread, and any new or reformulated seafood-containing cream cheese spread or seafood product, for the presence and quantity of nutrients declared in product labels and/or labeling.  The entity conducting such analyses shall simultaneously provide to FDA and Defendants the results of all tests performed on the samples, along with the labels and labeling that correspond to each sample analyzed.

15.     Defendants shall notify FDA, in writing, at least thirty (30) calendar days before any change in ownership, name, or character of the business that occurs after the entry of this Decree, including: a reorganization, relocation, dissolution, assignment, lease, or sale resulting in the emergence of a successor entity or corporation; the creation or dissolution of subsidiaries or any other change in the corporate structure or identity of Lifeway Foods, Inc., or any other current or future food processing business of Defendants; or the sale or assignment of business assets, such as buildings, equipment, or inventory that may affect compliance obligations arising out of this Decree.  Defendants shall serve a copy of this Decree on any prospective successor or assignee at least thirty (30) calendar days prior to such sale or change of business.  Defendants

8

shall provide FDA an affidavit of compliance with this Paragraph within fifteen (15) calendar days after such service on a prospective successor or assignee.

16.     Defendants shall submit all notifications, correspondence, and communications to FDA required by the terms of this Decree to the Director, FDA Philadelphia District Office, U.S. Customhouse, Room 900, 2nd & Chestnut St., Philadelphia, PA 19106, and to the Director, FDA Chicago District Office, 550 W. Jackson Blvd., Suite 1500 South, Chicago, IL 60661.

17.     All decisions specified in this Decree shall be vested in the sole discretion of FDA, which discretion shall be reviewed, if necessary, under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A) and shall be based exclusively upon the written record that was before FDA at the time of the decision.  No discovery may be had by either party.

18.     Within ten (10) calendar days after the entry of this Decree, Defendants shall provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to each and all of Defendants' officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them.

19.     Within twenty (20) calendar days after entry of this Decree, Defendants shall provide the Directors at both the FDA Philadelphia District Office and Chicago District Office, at the addresses set forth in Paragraph 16, an affidavit of compliance stating the fact and manner of compliance with Paragraph 18, and identifying the names and positions of all persons who were so notified.

20.     Within ten (10) calendar days after the entry of this Decree, Defendants shall post a copy of this Decree on a bulletin board in the employee common areas at Defendants' facilities and shall ensure that the Decree remains posted so long as the Decree remains in effect.

21.     After entry of the Decree, Defendants shall, within ten (10) calendar days of employment of any new employee hired by Defendants, provide such employee a copy of the Decree, by personal service or by certified mail, return receipt requested.  Defendants shall keep these records under this Decree as required under Paragraph 8.

22.     Except as provided in the foregoing provisions of this Decree, the parties shall bear their own costs and attorney fees in this action.

23.     This Court retains jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.


SO ORDERED:

Dated this _____ day of _____, 2008.


_____
United States District Judge


We hereby consent to the entry of the foregoing Decree.

**FOR PLAINTIFF**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

Dated : _____, 2008

Of counsel:                                    _____
JAMES C. STANSEL                              [ATTORNEY]
Acting General Counsel                        Assistant United States Attorney
                                              Northern District of Illinois
                                              219 S. Dearborn Street
GERALD F. MASOUDI                             Fifth Floor
Associate General Counsel                     Chicago, IL 60604
Food and Drug Division                        Telephone: 312-_____

ERIC M. BLUMBERG                              EUGENE M. THIROLF
Deputy Chief Counsel, Litigation             Director
Food and Drug Division                        Office of Consumer Litigation

JAMES K. FITZPATRICK                          _____
Associate Chief Counsel for Enforcement      DANIEL K. CRANE-HIRSCH
U.S. Dept. of Health & Human Services        Trial Attorney
Office of the General Counsel                 Office of Consumer Litigation
5600 Fishers Lane                             Civil Division
Rockville, MD   20857                         U.S. Department of Justice
(301) 827-1156                                P.O. Box 386
                                              Washington, DC  20044-0386
                                              Tel: 202-616-8242
                                              Fax: 202-514-8742
                                              E-mail: daniel.crane-hirsch@usdoj.gov

                                              **FOR DEFENDANTS**

Dated: _____, 2008                  _____
                                              **[Insert attorney(s) name(s)]**
                                              Attorneys for Lifeway Foods, Inc., Julie
                                              Smolyansky, and Edward Smolyansky
                                              **[Insert attorney(s) contact information]**

Dated: _____, 2008                    _____
                                               Julie Smolyansky
                                               Individually and as President of Lifeway
                                               Foods, Inc.


Dated: _____, 2008                    _____
                                               Edward Smolyansky
                                               Individually and as Chief Financial Officer of
                                               Lifeway Foods, Inc.

12



| Ship | Track/History | Address Book | Preferences | Fast Ship | Reports | My Profile |

<< Log out    Home                                                                                          ❓ Quick help

**Your Shipment Details:**

| | | | |
|---|---|---|---|
| **Ship to:** | Julie Smolyansky<br>Lifeway Foods, Inc.<br>6431 OAKTON ST<br>MORTON GROVE, IL<br>600532727<br>US<br>847-967-1010 | **Package type:**<br>**Pickup/Drop Off:**<br>**Weight:**<br>**Dimensions:**<br>**Declared value:**<br>**Shipper account number:**<br>**Bill transportation to:** | FedEx Envelope<br>give to scheduled courier at my location<br>0.5 LBS<br>0 x 0 x 0 in<br>0 USD<br>151009182<br>151009182 |
| **From:** | Marilyn Neal<br>Department of Justice<br>1331 PENNSYLVANIA<br>AVENUE, NW<br>SUITE 950 N<br>WASHINGTON, DC  20004<br>US<br>2023070175 | **Courtesy rate quote:***<br>**Discounted variable %**<br>**Cod amount**<br>**Special services:**<br>**Shipment Purpose:**<br>**Shipment type:**<br>**Commercial/Residential Status:** | 5.34<br><br><br><br><br>Express<br>Commercial |

| **Tracking no:** | 799786401728 |
|---|---|
| **Ship date:** | Jan 17 2008 |
| **Service type:** | Priority Overnight |

Print                                                                                          Return to next steps

**Please note**

. *The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable  FedEx Service Guide  or the FedEx Rate Sheets for details on how shipping charges are calculated.

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

 **FedEx.**

| Ship | Track/History | Address Book | Preferences | Fast Ship | Reports | My Profile |

<< Log out    Home                                                              **? Quick help**

Your Shipment Details:

**Ship to:**          Edward Smolyansky          **Package type:**                          FedEx Envelope
                      Lifeway Foods, Inc.        **Pickup/Drop Off:**                       give to scheduled courier at my location
                      6431 OAKTON ST             **Weight:**                                0.5  LBS
                      MORTON GROVE, IL           **Dimensions:**                            0 x 0 x 0 in
                      600532727                  **Declared value:**                        0  USD
                      US                         **Shipper account number:**                151009182
                      847-967-1010               **Bill transportation to:**                151009182

**From:**             Marilyn Neal               **Courtesy rate quote:***                  5.34
                      Department of Justice      **Discounted variable %**
                      1331 PENNSYLVANIA          **Cod amount**
                      AVENUE, NW                 **Special services:**
                      SUITE 950 N                **Shipment Purpose:**
                      WASHINGTON, DC  20004      **Shipment type:**                         Express
                      US                         **Commercial/Residential Status:**         Commercial
                      2023070175

**Tracking no:**      790919143521
**Ship date:**        Jan 17 2008
**Service type:**     Priority Overnight

**Print**                                                                    **Return to next steps**

**Please note**

. *The courtesy rate shown here may be different than the actual charges for your shipment. Differences may occur based on actual weight,
  dimensions, and other factors. Consult the applicable  FedEx Service Guide  or the FedEx Rate Sheets for details on how shipping charges are
  calculated.
FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or
misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.
Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss
of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the
greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500,
e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits;
Consult the applicable FedEx Service Guide for details.

Anniversary SEPTEMBER

County COOK

**STATE OF ILLINOIS**
Office Of
**THE SECRETARY OF STATE**

**D 5700-566-1**
File Number

## CERTIFICATE OF DISSOLUTION OF DOMESTIC CORPORATION
## BUSINESS CORPORATION ACT

WHEREAS it appears that

```
LFI ENTERPRISES, INC.
% PEDERSEN & HOUPT              061103
161 N CLARK ST STE 3100
CHICAGO IL  60601
```



CP0273460

being a corporation organized under the laws of the State of Illinois relating to Domestic

Corporations has failed to **file an annual report and pay an annual franchise tax**

as required by the provisions of "The Business Corporation Act" of the State of Illinois,

in force JULY 1, A.D. 1984 and all acts amendatory thereof; AND WHEREAS, said acts

provided that upon failure to **file an annual report and pay an annual franchise tax**

the Secretary of State shall dissolve the corporation.

NOW THEREFORE, the Secretary of State of the State of Illinois, hereby dissolves

the above corporation in pursuance of the provisions of the aforesaid Act.



IN TESTIMONY WHEREOF, I hereto set my hand and

cause to be affixed the Great Seal of the State of Illinois.

Done at the City of Springfield,

this **1 st day of FEBRUARY A.D. 2005**

*Gene White*

Secretary of State

H003785

CP0359403

9/92

Form **BCA-5.15**
**NFP 105.15**
(Rev. Jan. 2003)

**NOTICE OF RESIGNATION
OF REGISTERED AGENT**

File # D 5700-5661

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
Telephone (217) 782-3647
www.cyberdriveillinois.com

This Space for use by Secretary of State

**FILED**

**FEB 2 5 2005**

JESSE WHITE
SECRETARY OF STATE

P A I D
FEB 2 8 2005
DEPARTMENT OF
BUSINESS SERVIC

*SUBMIT ONE ORIGINAL*

This space for use by
Secretary of State

Date

Filing Fee      $ 5.00

Approved: BM

*Remit payment in check or money
order, payable to "Secretary of State."*

1. CORPORATE NAME: LFI Enterprises, Inc.                    2/21

2. Name and address of registered agent and registered office as they appear on the records of the Office of the
   Secretary of State:

   Registered Agent  **Pedersen & Houpt**
                      *First Name*          *Middle Name*              *Last Name*

   Registered Office  **161 N. Clark Street, Suite 3100**
                      *Number*        *Street*        *Suite # (A P.O. Box alone is not acceptable)*

                      **Chicago, IL 60601**          **COOK**
                      *City*        *ZIP Code*              *County*

3. Effective date of resignation: 03/31/05 _____ . *(Not less than 30 days after its filing
   by the Secretary of State)*

4. Address of the principal office of the corporation as such is known to the registered agent:

   **6341 W. Oakton**
   *Number*        *Street*        *Suite #*

   **Morton Grove, IL 60053**
   *City*        *ZIP Code*        *County*

5. A copy of this notice has been sent to the principal office of the corporation at least 10 days prior to the date
   of its filing with the Secretary of State.

6. The undersigned affirms, under penalties of perjury, that the facts stated herein are true.

   Dated February 10, _____ , 2005
              *(Month/Day)*              *(Year)*

   by _____
      *(Signature of Principal Officer)*

   by _____
      *(Signature of Registered Agent)*

      John H. Muehlstein, CEO of Pedersen & Ho
              *(Type or Print Name)*

   _____
      *(Type or Print Name)*

**NOTE:**   *If registered agent is an individual, this notice shall be signed by the registered agent.*

            *If registered agent is a corporation, this notice shall be signed by a principal officer.*

C-200.6



SERVICES     PROGRAMS     PRESS     PUBLICATIONS     DEPARTMENTS     CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | LFI ENTERPRISES, INC. | **File Number** | 57005661 |
| **Status** | DISSOLVED | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 09/30/1992 | **State** | ILLINOIS |
| **Agent Name** | VACANT | **Agent Change Date** | 03/31/2005 |
| **Agent Street Address** | VACANT | **President Name & Address** | JULIE SMOLYANSKY 6431 W OAKTON MORTON GROVE 60053 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | INVOLUNTARY DISSOLUTION 02 01 05 |
| **Agent Zip** | 60601 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 00/00/0000 | **For Year** | 2004 |

**Return to the Search Screen**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



SERVICES      PROGRAMS      PRESS      PUBLICATIONS      DEPARTMENTS      CONTACT

## CORPORATION FILE DETAIL REPORT

| | | | |
|---|---|---|---|
| **Entity Name** | LFI ENTERPRISES, INC. | **File Number** | 57005661 |
| **Status** | REINSTATED/GOODSTANDING | | |
| **Entity Type** | CORPORATION | **Type of Corp** | DOMESTIC BCA |
| **Incorporation Date (Domestic)** | 09/30/1992 | **State** | ILLINOIS |
| **Agent Name** | RICHARD N KESSLER | **Agent Change Date** | 05/08/2008 |
| **Agent Street Address** | 640 N LASALLE ST #590 | **President Name & Address** | JULIE SMOLYANSKY 6431 W OAKTON MORTON GROVE 60053 |
| **Agent City** | CHICAGO | **Secretary Name & Address** | VAL NIKOLENKO 6431 W OAKTON MORTON GROVE 60053 |
| **Agent Zip** | 60610 | **Duration Date** | PERPETUAL |
| **Annual Report Filing Date** | 05/08/2008 | **For Year** | 2007 |

**Return to the Search Screen**          **Purchase Certificate of Good Standing**

**(One Certificate per Transaction)**

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE

6:27:44 p.m., 5/9/2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>LIFEWAY FOODS, INC., an Illinois corporation,<br>JULIE SMOLYANSKY, and EDWARD<br>SMOLYANSKY, individuals,<br><br>        Defendants. | No. 08-CV-2469<br><br>JUDGE ANDERSEN |

## CONSENT DECREE OF PERMANENT INJUNCTION

Plaintiff, United States of America, by its undersigned attorneys, having commenced this

action by filing a Complaint for Permanent Injunction ("Complaint"), and Defendants, Lifeway

Foods, Inc. ("Lifeway"), a corporation, and Julie Smolyansky and Edward Smolyansky,

individuals, (hereinafter, "Defendants"), solely for the purpose of settlement of this case, having

appeared and consented to the entry of this Consent Decree of Permanent Injunction ("Decree")

without contest, without admitting or denying liability, and before any testimony has been taken,

and the United States of America, having consented to this Decree;

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

    1.     This Court has jurisdiction over the subject matter and over all parties to this

action.

2.    The Complaint states a cause of action against Defendants under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301-399 ("the Act").

3.    The Complaint alleges that Defendants violate the Act, 21 U.S.C. § 331(a), by introducing or delivering for introduction into interstate commerce articles of food that are adulterated within the meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C. §§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(1).

4.    The Complaint alleges that Defendants violate the Act, 21 U.S.C. § 331(k), by causing articles of food to become adulterated within the meaning of 21 U.S.C. § 342(a)(4), and misbranded within the meaning of 21 U.S.C. §§ 343(q)(2)(A), 343(w)(1), 343(i)(2), and 343(a)(1), while such articles are held for sale after shipment in interstate commerce.

5.    Defendants and each and all of their officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them who receive notice of this Decree, are hereby permanently restrained and enjoined, pursuant to 21 U.S.C. § 332(a) and the inherent equitable power of this Court, from processing, packing, holding, labeling, and/or distributing at their facilities located at 5201 Harbison Avenue, Philadelphia, Pennsylvania ("Philadelphia facility") and 7625 Austin Avenue, Skokie, Illinois ("Skokie facility"), or any other location, any products labeled as cream cheeses or cream cheese spreads (hereinafter collectively referred to as "cream cheese spreads"), including plain, lite, flavored, or seafood-containing cream cheese spreads, or other seafood products, unless and until:

A.    For seafood-containing cream cheese spreads and other seafood products:

i.    Defendants select an expert(s) having no personal or financial ties to Defendants or Defendants' families (other than the consulting agreement) and who, by reason of background, experience, and education, is qualified to develop a seafood Hazard Analysis Critical Control Point ("HACCP") plan, and to ensure adequate implementation of such HACCP plan for the processing, packing, holding, labeling, and/or distributing of Defendants' seafood-containing cream cheese spreads and other seafood products at their facilities ("HACCP expert(s)").  Defendants shall inform the United States Food and Drug Administration ("FDA") in writing of the name(s) and qualifications of the HACCP expert(s) as soon as they retain such expert(s);

ii.    The HACCP expert(s) conducts a hazard analysis and develops a HACCP plan(s) that is appropriate for processing, packing, holding, labeling, and/or distributing Defendants' seafood-containing cream cheese spreads and other seafood products;

iii.    FDA approves, in writing, the HACCP plan(s) developed by the HACCP expert(s); and

iv.    Defendants establish and implement to FDA's satisfaction the FDA-approved HACCP plan(s).  Defendants shall assign the responsibility for implementing and monitoring the HACCP(s) plan to an employee or employees trained in HACCP requirements.

B.    For plain, lite, flavored, and seafood-containing cream cheese spreads:

i.    Defendants select an expert(s) having no personal or financial ties to Defendants or Defendants' families (other than the consulting agreement) who, by reason of background, experience, and education, is qualified to determine whether Defendants' plain, lite,

3

flavored, and seafood-containing cream cheese spreads comply with 21 U.S.C. § 343 and

applicable regulations ("labeling expert(s)").  Defendants shall inform FDA in writing of the

name(s) and qualifications of the labeling expert(s) as soon as they retain such expert(s);

        ii.     Defendants' labeling expert(s) reviews all labels and labeling used

by Defendants for their plain, lite, flavored, and seafood-containing cream cheeses spreads, and

certifies in writing to FDA that all such labels and labeling are in compliance with 21 U.S.C.

§ 343 and applicable regulations; and

        iii.    Defendants provide to FDA the written certification from the

labeling expert(s), and report in writing to FDA, all actions they have taken to ensure that the

labels and labeling for their plain, lite, flavored, and seafood-containing cream cheese spreads are

in compliance with 21 U.S.C. § 343 and applicable regulations.

        C.     Defendants, under FDA supervision, according to procedures approved by

FDA, and as and when directed by FDA, bring into compliance with the Act and applicable

regulations to the satisfaction of FDA, all plain, lite, flavored, and seafood-containing cream

cheese spreads and other seafood products, held in the Philadelphia facility or Skokie facility, or

held elsewhere for distribution by Defendants.  Defendants shall provide the formulation of their

products to FDA, and at FDA's discretion, Defendants shall perform or have performed for them

analytical testing for the presence and quantity of nutrients declared in product labels and/or

labeling.

        D.     FDA, at its discretion, inspects Defendants' facilities, food products, and

labeling, including all records and test results relating to the processing, packing, holding,

labeling, and/or distributing of plain, lite, flavored, and seafood-containing cream cheese spreads

and other seafood products and, as FDA deems necessary, samples and analyzes Defendants'

plain, lite, flavored, and seafood-containing cream cheese spreads and other seafood products.

The costs of all such inspections and analyses shall be borne by Defendants at the rates specified

in Paragraph 10.

      E.     FDA notifies Defendants, in writing, that they appear to be in compliance

with all of the requirements of Paragraph 5(A)-(C), the Act, and applicable regulations.

      6.     After Defendants receive written notification from FDA as specified in Paragraph

5(E) above, Defendants and each and all of their officers, agents, representatives, employees,

attorneys, successors, assigns, and any and all persons in active concert or participation with any

of them who receive actual notice of this Decree, are permanently restrained and enjoined from:

      A.     Directly or indirectly introducing or delivering for introduction into

interstate commerce any food within the meaning of 21 U.S.C. § 321(f) that is adulterated within

the meaning of 21 U.S.C. § 342(a)(4), or misbranded within the meaning of 21 U.S.C. § 343;

      B.     Directly or indirectly causing any food within the meaning of 21 U.S.C.

§ 321(f) to become adulterated, within the meaning of 21 U.S.C. § 342(a)(4), or misbranded

within the meaning of 21 U.S.C. § 343, while such food is held for sale after shipment in

interstate commerce; and

      C.     Failing to implement and continuously maintain the requirements of this

Decree.

      7.     Representatives from FDA shall be permitted, without prior notice, and as and

when FDA deems necessary, to make inspections of Defendants' facilities at their current

locations, or at any future location(s), and, without prior notice, to take any other measures

necessary to monitor and ensure continuing compliance with the terms of this Decree. Such

inspections may, at FDA's discretion, include, but are not limited to, the taking of photographs

and samples and the examination and copying of all records that relate to the processing,

packing, holding, labeling, and/or distribution of any article of food. Such inspections shall be

permitted upon presentation of a copy of this Decree and appropriate credentials. The inspection

authority granted by this Decree is apart from, and in addition to, the authority to make

inspections under the Act, 21 U.S.C. § 374.

8.      Defendants shall maintain copies of their HACCP plan(s) and all records required

under such HACCP plan(s) pursuant to 21 C.F.R. Part 123, at the facility specified in such

plan(s), in a location where they are readily available for reference and inspection by FDA

representatives. Defendants shall retain all records required to be kept by the HACCP plan(s), by

regulation, and/or this Decree for at least five (5) years after the date the records are prepared.

9.      Defendants shall immediately provide any information or records to FDA, upon

request, regarding the processing, packing, holding, labeling, and/or distribution of any article of

food.

10.     Defendants shall reimburse FDA for the costs of all FDA inspections,

investigations, supervision, reviews, examinations, and analyses that FDA deems necessary to

evaluate Defendants' compliance with this Decree. The costs of such inspections shall be borne

by Defendants at the prevailing rates in effect at the time the costs are incurred. As of the date

that this Decree is signed by the parties, these rates are: $81.61 per hour and fraction thereof per

representative for inspection work; $97.81 per hour or fraction thereof per representative for

analytical or review work; $0.505 per mile for travel expenses by automobile; government rate or

the equivalent for travel by air or other means; and the published government per diem rate or the equivalent for the areas in which the inspections are performed per day, per representative for subsistence expenses, where necessary.  In the event that the standard rates applicable to FDA supervision of Court-ordered compliance are modified, these rates shall be increased or decreased without further order of the Court.

11.     If any Defendant violates this Decree and is thus found in civil or criminal contempt, Defendants shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees (including overhead), investigational expenses, expert witness fees, court costs, and all other costs relating to such contemp proceedings.

12.     Defendants shall immediately cease processing, packing, holding, labeling, and/or distributing any plain, lite, flavored, and seafood-containing cream cheese spread or other seafood product, if, based on the results of an inspection, analysis of a sample or samples, or other information, FDA notifies Defendants in writing that such article of food is adulterated or misbranded or that Defendants are not in compliance with the terms of this Decree, the Act, or applicable regulations.  In addition, Defendants shall, as and when FDA deems necessary, recall all adulterated or misbranded articles of food that have been distributed or are under the custody and control of Defendants' agents, distributors, customers, or consumers.  In addition, Defendants shall institute or re-implement any of the requirements set forth in this Decree and take any other corrective actions as FDA, in its discretion, deems necessary to bring Defendants into compliance with this Decree, the Act, and applicable regulations.  Defendants shall immediately and fully comply with the terms of the notice from FDA requiring them to take corrective actions pursuant to this Paragraph.  The provisions of this Paragraph are separate and

7

apart from, and in addition to, all other remedies available to FDA. All costs of recall(s) and corrective actions shall be borne by Defendants. The costs of FDA inspections, sampling, analyses, travel time, and subsistence expenses to implement the remedies set forth in this Paragraph shall be borne by Defendants at the rates specified in Paragraph 10.

13.    Any cessation of operations as described in Paragraph 12 shall continue until Defendants receive written notification from FDA that Defendants appear to be in compliance with the Act, applicable regulations, and this Decree, and that Defendants may resume operations.

14.    FDA, at its discretion, may require Defendants to perform or have performed for them, analytical testing of any new or reformulated plain, lite, or flavored cream cheese spread, and any new or reformulated seafood-containing cream cheese spread or seafood product, for the presence and quantity of nutrients declared in product labels and/or labeling. The entity conducting such analyses shall simultaneously provide to FDA and Defendants the results of all tests performed on the samples, along with the labels and labeling that correspond to each sample analyzed.

15.    Defendants shall notify FDA, in writing, at least thirty (30) calendar days before any change in ownership, name, or character of the business that occurs after the entry of this Decree, including: a reorganization, relocation, dissolution, assignment, lease, or sale resulting in the emergence of a successor entity or corporation; the creation or dissolution of subsidiaries or any other change in the corporate structure or identity of Lifeway Foods, Inc., or any other current or future food processing business of Defendants; or the sale or assignment of business assets, such as buildings, equipment, or inventory that may affect compliance obligations arising

8

out of this Decree.  Defendants shall serve a copy of this Decree on any prospective successor or

assignee at least thirty (30) calendar days prior to such sale or change of business.  Defendants

shall provide FDA an affidavit of compliance with this Paragraph within fifteen (15) calendar

days after such service on a prospective successor or assignee.

16.    Defendants shall submit all notifications, correspondence, and communications to

FDA required by the terms of this Decree to the Director, FDA Philadelphia District Office, U.S.

Customhouse, Room 900, 2nd & Chestnut St., Philadelphia, PA 19106, and to the Director, FDA

Chicago District Office, 550 W. Jackson Blvd., Suite 1500 South, Chicago, IL 60661.

17.    All decisions specified in this Decree shall be vested in the sole discretion of

FDA.  When contested by Defendants, FDA's decisions shall be reviewed, if necessary, by the

Court under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A) and shall be

based exclusively upon the written record that was before FDA at the time of the decision.  No

discovery may be had by either party.

18.    Within ten (10) calendar days after the entry of this Decree, Defendants shall

provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to

each and all of Defendants' officers, agents, representatives, employees, successors, assigns,

attorneys, and any and all persons in active concert or participation with any of them.

19.    Within twenty (20) calendar days after entry of this Decree, Defendants shall

provide the Directors at both the FDA Philadelphia District Office and Chicago District Office, at

the addresses set forth in Paragraph 16, an affidavit of compliance stating the fact and manner of

compliance with Paragraph 18, and identifying the names and positions of all persons who were

so notified.

9

20.    Within ten (10) calendar days after the entry of this Decree, Defendants shall post a copy of this Decree on a bulletin board in the employee common areas at Defendants' facilities and shall ensure that the Decree remains posted so long as the Decree remains in effect.

21.    After entry of the Decree, Defendants shall, within ten (10) calendar days of employment of any new employee hired by Defendants, provide such employee a copy of the Decree, by personal service or by certified mail, return receipt requested.  Defendants shall keep these records under this Decree as required under Paragraph 8.

22.    Except as provided in the foregoing provisions of this Decree, the parties shall bear their own costs and attorneys' fees in this action.

23.    This Court retains jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.


**ENTER:**


_____
WAYNE R. ANDERSEN
United States District Judge

Dated this \_\_\_\_\_ day of _____, 2008.

We hereby consent to the entry of the foregoing Decree.

**FOR DEFENDANTS**

Dated: April 24, 2008

Richard N. Kessler
*Attorney for Lifeway Foods, Inc., Julie*
*Smolyansky, and Edward Smolyansky*
McDonald Hopkins LLC
640 N. LaSalle St.
Suite 590
Chicago, IL  60610-3731
Tel: 312-280-0111
Fax: 312-280-8236
E-mail: rkessler@mcdonaldhopkins.com

Dated: April 20, 2008

Julie Smolyansky
Individually and as President of Lifeway
Foods, Inc.

Dated: April 20, 2008

Edward Smolyansky
Individually and as Chief Financial Officer of
Lifeway Foods, Inc.

11

**FOR PLAINTIFF**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General
Civil Division
U.S. Department of Justice

PATRICK J. FITZGERALD
United States Attorney
Northern District of Illinois

Dated: May 5, 2008

By:    DONALD R. LORENZEN
       Assistant United States Attorney
       U.S. Attorney's Office for the
           Northern District of Illinois
Of counsel:                          219 S. Dearborn Street, Fifth Floor
JAMES C. STANSEL                     Chicago, IL  60604
Acting General Counsel


GERALD F. MASOUDI                    EUGENE M. THIROLF
Associate General Counsel            Director
Food and Drug Division               Office of Consumer Litigation

ERIC M. BLUMBERG                       /s Daniel K. Crane-Hirsch
Deputy Chief Counsel, Litigation     DANIEL K. CRANE-HIRSCH
Food and Drug Division               Trial Attorney
                                     Office of Consumer Litigation
JESSICA L. ZELLER                    Civil Division
Associate Chief Counsel              U.S. Department of Justice
U.S. Department of Health & Human    P.O. Box 386
    Services                         Washington, DC  20044-0386
Office of the General Counsel        Tel: 202-616-8242
5600 Fishers Lane                    Fax: 202-514-8742
Rockville, MD  20857                 E-mail: daniel.crane-hirsch@usdoj.gov
Tel: 301-827-8577